**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **WACHOVIA BANK, NATIONAL ASSOCIATION,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )   **CIVIL ACTION 08-0471-KD-C** |
| | ) |
| **WALTER L. JOHNSON,** | ) |
| | ) |
| **Defendant.** | ) |

**ORDER**

This matter is before the Court on the motion for summary judgment and brief in support filed by plaintiff Wachovia Bank, National Association (Wachovia) (docs. 11, 12) and its reply (doc. 15).  Upon consideration of the foregoing, and for the reasons set forth herein, the motion for summary judgment is **GRANTED**.

I. Background

Defendant Walter L. Johnson (Johnson) executed a promissory note to Wachovia on March 2, 2006 but failed to pay according to the terms of the note.[1]  Wachovia alleges that it has not received payments on the loan since November 13, 2006.  As of April 7, 2009, the amount due was $1,947,938.87, which consists of the principal amount of $1,671,353.14 and accrued interest of $276,585.73.  Wachovia seeks to recover accruing interest at the rate of $174.10 per

---

[1]  "This "Promissory Note renews, extends and/or modifies that certain Promissory Note dated June 20, 2005 (the "Prior Note"), evidencing an original principal amount of One Million, Nine Hundred Fifty-Eight Thousand, Thirty-Eight and 659/100 Dollars ($1,958,038.69). Borrower is currently in default under the terms of the Prior Note, the entire indebtedness is now due and payable, and Bank is entitled to exercise all rights and remedies thereunder.  This Promissory Note is not a novation but modifies certain terms contained within the Prior note." (doc. 1-2, p.2).

day, late fees, costs, attorneys' fees in the amount of $32,280.90, and expenses in the amount of $11,910.21.

Johnson filed an answer on October 14, 2008, wherein he admits: (1) executing the promissory note in the amount claimed; (2) that the terms of the note allow the lender to recover costs and attorney fees associated with enforcement; (3) that the loan matured on June 30, 2006 and (4) that Wachovia has made a written demand for payment (doc. 4, ¶¶ 2-9). Johnson disputes the amount due and owing under the note (Id. at ¶¶ 10-12).

Johnson did not respond to the motion for summary judgment and therefore did not dispute any factual allegation in Wachovia's statement of undisputed facts (doc. 12). Local Rule 7.2(b) for the Southern District of Alabama requires a party responding to a Rule 56 motion to specify the disputed facts, if any, and that failure to do so will be interpreted as an admission that there is no material factual dispute. The rule states as follows:

> Within thirty (30) days [of the filing of a motion for summary judgment] or as may be otherwise ordered, the party or parties in opposition shall file a brief in opposition thereto, **and, if it is contended that there are material factual disputes, shall point out the disputed facts appropriately referenced to the supporting document or documents filed in the action. Failure to do so will be considered an admission that no material factual dispute exists;** provided, that nothing in this rule shall be construed to require the non-movant to respond in actions where the movant has not borne its burden of establishing that there is no dispute as to any material fact.

S.D.Ala.L.R. 7.2(b) (1997) (emphasis added); see Patton v. City of Hapeville, Ga., 162 Fed. Appx. 895, 896 (11th Cir. 2006)[2] ("We conclude from the record, however, that the district court properly held that the defendants' statement of undisputed facts filed with their motion for

---

[2] Unpublished opinions are not considered binding precedent, but may be cited as persuasive authority. U.S.Ct. of App. 11th Cir. Rule 36-2.

summary judgment were admitted when Patton failed to respond to the statement of facts in accordance with the Federal Rules of Civil Procedure and the Local Rules for the United States District Court for the Northern District of Georgia.").  Because Johnson has failed to point out any disputed facts, his "[f]ailure to do so will be considered an admission that no material factual dispute exists".  L.R. 7.2(b).

    II.  <u>Findings of Fact and Conclusions of Law</u>

    A. <u>Summary Judgment Standard</u>

    Summary judgment should be granted only "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).[3]  The party seeking summary judgment bears "the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." <u>Clark v. Coats & Clark, Inc.</u>, 929 F.2d 604, 608 (11th Cir. 1991).  Once the moving party has satisfied its responsibility, the burden shifts to the nonmovant to show the existence of a genuine issue of material fact. <u>Id</u>.  "If the nonmoving party fails to make 'a sufficient showing on an essential element of her case with respect to which she has the burden of proof, 'the moving party is entitled to summary judgment." <u>Id</u>. (quoting <u>Celotex Corp. v.</u>

---

    [3]  Rule 56(c) of the Federal Rules of Civil Procedure, provides that summary judgment shall be granted:

        if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c).

<u>Catrett</u>, 477 U.S. 317 (1986) (footnote omitted)).  "In reviewing whether the nonmoving party has met its burden, the court must stop short of weighing the evidence and making credibility determination of the truth of the matter.  Instead, the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." <u>Tipton v. Bergrohr GMBH-Siegen</u>, 965 F.2d 994, 999 (11th Cir. 1992) (internal citations and quotations omitted).  However, the mere existence of any factual dispute will not automatically necessitate denial of a motion for summary judgment; rather, only factual disputes that are material preclude entry of summary judgment. <u>Lofton v. Secretary of Dept. of Children and Family Services</u>, 358 F.3d 804, 809 (11th Cir. 2004).

   B.  <u>Failure to respond</u>

   The "mere failure of the non-moving party to create a factual dispute does not automatically authorize the entry of summary judgment for the moving party." <u>Dixie Stevedores, Inc. v Marinic Maritime, Ltd.</u>, 778 F. 2d 670, 673 (11th Cir. 1985).  Instead, "Rule 56 requires the moving party to demonstrate the absence of a genuine issue of fact." <u>Id</u>.  In <u>United States v. One Piece of Property</u>, 5800 S.W. 4th Ave., Miami, Florida, 363 F.3d 1099 (11th Cir. 2004), the Eleventh Circuit held that "[t]he district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed but, rather, must consider the merits of the motion", <u>Id</u>. at 1101, and noted the provision in Fed.R.Civ.P. 56(e) that when "'the adverse party does not respond, summary judgment, *if appropriate*, shall be entered against the adverse party.'" <u>Id</u>. at 1101 (emphasis in original); <u>see</u> <u>also</u> <u>Trustees of the Central Pension Fund of the International Union of Operating Engineers and Participating Employers v. Wolf Crane Service</u>, Inc., 374 F. 3d 1035, 1040 (11th Cir. 2004) (vacating and remanding the district court's grant of summary

judgment, in part, "[b]ecause summary judgment cannot be granted as a sanction for merely

failing to file a response to a motion for summary judgment[.]")

The Eleventh Circuit further explained that

> [t]he district court need not sua sponte review all of the evidentiary
> materials on file at the time the motion is granted, but must ensure
> that the motion itself is supported by evidentiary materials. [] At
> the least, the district court must review all of the evidentiary
> materials submitted in support of the motion for summary
> judgment. The district court cannot grant a motion for summary
> judgment merely for lack of any response by the opposing party,
> since the district court must review the motion and the supporting
> papers to determine whether they establish the absence of a
> genuine issue of material fact.. In addition, so that there can be an
> effective review of the case on appeal, the district court's order
> granting summary judgment must indicate that the merits of the
> motion were addressed.

One Piece of Real Property, 363 F.3d at 1101 -1102 (citations, internal quotations and footnote

omitted).

Additionally, even though the court must view the evidence in the light most favorable to

Johnson as the non-movant, see Battle v. Board of Regents for Ga., 468 F.3d 755, 759 (11th Cir.

2006), Johnson "bears the burden of persuasion" and he must produce evidence, such as

affidavits, deposition testimony, or answers to interrogatories or admissions and "set forth

specific facts showing that there is a genuine issue for trial." Beard v. Banks, 548 U.S. 521, 126

S.Ct. 2572, 2578 (2006) (citations omitted).  "[C]onclusory allegations based on subjective

beliefs [are not] sufficient to create a genuine issue of material fact." Leigh v. Warner Bros., Inc.,

212 F.3d 1210, 1217 (11th Cir. 2000).[4]   By failing to respond, Johnson has failed to meet his

_____

[4] Because Johnson did not respond to the motion for summary judgment and present any
evidence in support of his statement, the court is under no obligation to regard his statements as
true. Coke v. Gen. Adjustment Bureau, Inc., 640 F.2d 584, 595 (5th Cir.1981) (quoting 10C

burden.  However, the Court must still determine whether the motion and supporting documents establish the absence of a genuine issue of material fact.  See One Piece of Real Property, 363 F.3d at 1101-1102.

      C. Liability under the Promissory Note

      Wachovia argues that it is the holder of the note and the fact that Johnson's name appears on the note is prima facie evidence that he is the maker of the note.  Wachovia argues that possession and proffer of the promissory note, affidavit testimony as to the terms of the note, and Johnson's failure to pay after demand, is sufficient evidence to establish Wachovia's prima facie case to recover.  Wachovia also argues that Johnson admitted the debt although he disputed the amount, but failed to respond to the summary judgment and thus has failed to meet his burden to show that there is a genuine issue of material fact as to whether Wachovia is not entitled to recover.

      Although Johnson answered the complaint and interrogatories and disputed the amount due, he raised no argument in response to the motion for summary judgment and presented no evidence to support his position or the amount which he believes is the correct amount due under the note.  The Court will not make his arguments for him. See Lyes v. City of Riviera Beach, Fla., 126 F.3d 1380, 1388 (11th Cir. 1997) (explaining that "the onus is upon the parties to formulate arguments"); Resolution Trust Corp. v. Dunmar Corp., 43 F.3d 587, 599 (11th Cir. 1995) ("[t]here is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment").

--------

Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, § 2727 at 524-30 (1973)) (facts asserted by the party opposing summary judgment must be regarded as true if supported by affidavit or other evidentiary material).

Accordingly, the Court makes the following findings of fact, which are supported by Wachovia's evidentiary submissions:

On January 31, 2005 Wachovia made a loan to Johnson in the original principal amount of $2,159,897.69.  The note was renewed and modified on March 2, 2006, in the original principal amount of $1,673,453.14.  The terms of the note provide for interest to accrue at the Bank's Prime Rate plus 0.5% along with an accrual of interest at the Interest Rate plus 3% upon the occurrence of a default under the terms of the note (doc. 1, Exhibit A; Doc. 13-2, Cook Affidavit).  The note also provides that the holder is entitled to recover its costs and expenses, including attorneys' fees, incurred in collecting the sums due under the note (Id.).

The loan has matured and Wachovia has not received payments on the loan since November 13, 2006 (doc. 13-2, Cook Affidavit, ¶¶ 8,13).  On July 25, 2008 Wachovia  made a written demand to Johnson for payment of the outstanding balance due on the loan (doc. 13-2, Cook Affidavit, ¶¶ 10, 11, Exhibit B).  In his answer, Johnson acknowledged that Wachovia has made demand upon him for the payment of the outstanding balance on the note (doc. 4, ¶ 9) but he has failed to pay the amounts due and owing.

As of April 7, 2009, the amount due and owing (exclusive of attorneys' fees and costs) under the note is $1,947,938.87, consisting of principal in the amount of $1,671,353.14 and accrued interest in the amount of $276,585.73.  Interest continues to accrue at the rate of $174.10 per diem. The attorneys' fees and expenses incurred as of April 9, 2009, in collecting this note amounted to $32,280.90 in fees and $11,910.21 in expenses (doc. 13-3, Woodard Affidavit, ¶ 6). In the complaint, Wachovia alleged that late fees had accrued as of August 11, 2008 in the amount of $2,254.29.

The Court has reviewed Wachovia's statement of undisputed facts (doc. 12, pp. 1-4), the procedural history, and the exhibits filed in support of the motion for summary judgment  (doc. 13).  Further, the Court adopts, as the opinion of the Court, Wachovia's arguments as set out in pages 5-9 of the brief in support.  Upon consideration, the Court finds that there is no genuine issue of material fact that would preclude this Court's entry of judgment in favor of Wachovia. See Griffin v. American Bank, 628 So. 2d 540, 543 (Ala. 1993) (bank entitled to summary judgment on promissory note where bank's president submitted affidavit attaching copy of note and stating that borrower made no payments on note, and borrower did not offer evidence in defense).  Accordingly, Wachovia's motion for summary judgment is **GRANTED**.  By separate document, judgment shall be entered against Johnson in the principal amount of $1,671,353.14 plus accrued interest as of May 14, 2009 in the amount of $283,027.43[5] for a total of $1,954,380.57.[6]

 D. Attorneys' fees and costs of collection

Wachovia also argues that it should recover from Johnson all of its reasonable expenses incurred to collect this debt.  As a reasonable expense, Wachovia seeks attorneys' fees in the amount of $32,280.90 and expenses of $11,910.21.  In support thereof, Wachovia provides the affidavit of its counsel, Jason Woodard  (doc. 13-3, Woodard Affidavit, ¶ 6).

In the paragraph entitled "Attorneys Fees and Other Collection Costs", the promissory

---

 [5] This sum consists of interest accrued to April 7, 2009 in the amount of $276,585.73 plus interest accrued to May 14, 2009 in the amount of $6,441.70 ($174.10 x 37 days = $6,441.70)).

 [6] Although Wachovia appears to be entitled to late fees, it has failed to provide the court with sufficient evidence of the amount of the accrued late fees.  Rather, Wachovia merely states in the motion and brief that late fees are owed, without any additional information regarding the proper calculation of the late fees.

note provides as follows:

> Borrower shall pay all of Bank's reasonable expenses actually incurred to enforce or collect any of the Obligations including, without limitation, reasonable arbitration, paralegals', attorneys' and experts' fees and expenses, whether incurred without the commencement of a suit, in any trial, arbitration, or administrative proceeding, or in any appellate or bankruptcy proceeding.

(doc. 1-2, p. 4).

Based on the unambiguous terms of the note, along with the affidavit of counsel for Wachovia, the court finds that Wachovia is entitled to recover costs and reasonable attorneys fees.  See Peppertree Apartments, Ltd. v. Peppertree Apartments, 631 So.2d 873, 878  (Ala. 1993) ("The intention of the parties controls when a court construes the terms of a promissory note, and that intention is to be derived from the provisions of the contract, if the language is plain and unambiguous.")

In regard to the reasonableness of the fees and expenses submitted, the Court must consider and address the relevant factors under Alabama law.[7]  Lolley v. Citizens Bank, 494 So. 2d 19 (Ala. 1986) (vacating judgment pertaining to attorneys' fees for collection of a promissory note where the record did not disclose what factors the court considered in reaching its decision).

> The complete list of criteria used in the estimation of the value of an attorney's services now includes the following: (1) the nature and value of the subject matter of the employment; (2) the learning, skill, and labor requisite to its proper discharge; (3) the time consumed; (4) the professional experience and reputation of the attorney; (5) the weight of his responsibilities; (6) the measure of success achieved; (7) the reasonable expenses incurred; (8) whether a fee is fixed or contingent; (9) the nature and length of a professional relationship; (10) the fee

---

[7] The complaint was brought on basis of diversity jurisdiction, thus the laws of the State of Alabama apply.  Additionally, the promissory note provides that Alabama law will apply (doc. 1-2, p. 7).

customarily charged in the locality for similar legal services; (11) the likelihood that a particular employment may preclude other employment; and (12) the time limitations imposed by the client or by the circumstances. Of course, not all of the criteria will be applicable.

Van Schaack v. AmSouth Bank, N.A., 530 So.2d 740, 749 (Ala. 1988) (citing Peebles v. Miley, 439 So. 2d 137 (Ala. 1983); Pharmacia Corp. v. McGowan, 915 So.2d 549, 552-554 (Ala. 2004).

Johnson did not provide the court with any evidence to dispute Woodard's affidavit. Upon consideration of the affidavit and the relevant factors set forth above, the Court finds that the attorneys' fees and expenses are reasonable under the circumstances. Woodard outlines his knowledge of the length of the attorney-client relationship between Wachovia and Burr Forman for the collection of this debt; the fees and expenses charged to Wachovia and the customary fee charged to similar business clients by firms in the Birmingham area for similar litigation; the services performed for Wachovia including conferences, correspondence, research, drafting of multiple forbearance agreements, and preparation and filing of the lawsuit and this motion for summary judgment; and identifies the expenses charged to Wachovia in connection therewith including items such as travel costs and Westlaw research.

"The court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and experience concerning reasonableness and proper fees and may form an independent judgment with or without the aid of witnesses." Norman v. Housing Authority of City of Montgomery, 836 F. 2d 1292, 1303 (11th Cir. 1988) (citations omitted). The Court finds no reason to dispute or question Woodard's opinion. Accordingly, summary judgment is **GRANTED** in favor of Wachovia as to its claim for a reasonable attorneys' fee and expenses. By separate document, judgment shall be entered against Johnson in the amount of $32,280.90 for attorneys' fees and expenses in the amount of $11,910.21.

III. <u>Conclusion</u>

Upon consideration of the evidence, and for the reasons set forth herein, the Court finds that there is no genuine issue of material fact regarding Wachovia's claim and it is entitled to judgment as a matter of law.  Accordingly, Wachovia's motion for summary judgment is **GRANTED**.   Judgment shall be entered by separate document as required by Fed. R. Civ. P. Rule 58.

The final pretrial conference, set for **September 10, 2009** is hereby **CANCELLED.**

**DONE** and **ORDERED** this 13th day of May, 2009.

 **s / Kristi K DuBose**
**KRISTI K. DUBOSE**
**UNITED STATES DISTRICT JUDGE**