IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WACHOVIA BANK, NATIONAL ASS'N, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  CIVIL ACTION NO. 08-00471-KD-C |
| | ) |
| WALTER L. JOHNSON, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This matter is before the Court on the plaintiff's "Motion for Funds to be paid into Court, to be Condemned and to be Remitted by Clerk." (Doc. 23). The record reflects that the defendant Walter Johnson has not been served with a Notice of Writ of Garnishment upon First Community Bank. (Doc. 28). The defendant has rights to claim exemption from garnishment and to be served with notice of those rights. See Green v. Harbin, 615 F. Supp. 719, 724-25 (D.C. Ala. 1985). Alabama law governs these garnishment proceedings, see Fed. R. Civ. P. 69(a), and provides that "[w]hen the defendant resides within the state and the garnishment is issued on a judgment . . ., the officer issuing the garnishment must issue notice thereof to the defendant, which notice must be served on him at least five days before judgment against the garnishee." Ala. Code § 6-6-394. Because the defendant Walter Johnson is a resident of Alabama (Doc. 1, ¶ 2; Doc. 4, ¶ 2), and because the plaintiff seeks garnishment following a judgment against the defendant, personal service of the notice of garnishment is required. See Ala. Code § 6-6-394.

Based upon the foregoing, the Court finds that Plaintiff's "Motion for Funds to be Paid into Court, to be Condemned and Remitted by Clerk" (Doc. 23) is **DENIED.**

**DONE** and **ORDERED** this the **24th** day of **November 2009.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**